AMADEUS, INC., Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim Nos. 45402, 45473, 45575, 45726, 46051, 46099, 46111.)

Court of Claims, February 2, 1967.

*Max E. Greenberg* for claimant. *Louis J. Lefkowitz,
Attorney-General* (*William H. Keniry* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. This motion is made on behalf of
the claimant for an order directing consolidation of the above-
entitled claims, pursuant to CPLR 602 (subd. [a]), and for such
other and further relief as may, after argument, be just and
proper.

These claims, seven in number, all contain alleged causes of
action arising out of contracts made between claimant and the
State of New York, Department of Public Works, and subject
to the Public Works Specifications of January 2, 1957. All of
the contracts involved, with the exception of Claim No. 46051,
were entered into between September and December, 1960, and
four of the six were entered into on the very same day, viz.,
September 22, 1960. The contract concerning Claim No. 46051
was dated April 20, 1961. Although each contract called for
work to be performed on separate highways in the State, they
were, for the most part, contemporaneous, and the general
provisions of the contracts were virtually identical.

Each of the claims contains causes of action for delay alleged
to have been caused by the State, to recover engineering charges
assessed by the State, and to recover for extra cost of engineer-
ing and design work which, it is claimed, should be borne by
the State since they were made necessary by faulty plans and
field changes. Thus, the questions of fact as to at least part of
each claim will be substantially the same, that is, whether the
State of New York did or failed to do any act which caused
delay and increased charges and costs during the term of the
contracts.

The motion, insofar as it seeks a consolidation of the claims,
is denied.

However, it may fairly be assumed that the same witnesses
may have to be used and that identical questions of law may
have to be determined in many, if not all, of the claims. This

being so, it is the opinion of the court that in order to avoid delay and extra expenses to both sides, these claims should be tried jointly under CPLR 602 (subd. [a]) with the understanding that the law and facts in each case will be considered separately and separate decisions made. Such a joint trial can be had without prejudice to the substantial rights of the parties herein, since the court can control the proof in the same manner as if the cases were consolidated. Accordingly, it is directed that the examinations before trial, bills of particulars and any other items of discovery be completed as though this were one action since, undoubtedly, many of the same parties will be questioned in each claim.

Let the order provide that the above-entitled claims be tried jointly, pursuant to CPLR 602 (subd. [a]) and that the Clerk of the court join all the claims on the calendar at the time the one bearing the earliest claim number is reached for trial.